UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVON R. KIRKLAND,<br><br>          Plaintiff,<br><br>     v.<br><br>D. SMITH, et al.,<br><br>          Defendants. | Case No.: 1:23-cv-00602-CDB<br><br>**ORDER REGARDING PLAINTIFF'S FILING OF SEPTEMBER 5, 2024**<br><br>(Doc. 14) |

Plaintiff Trevon R. Kirkland is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     BACKGROUND**

Plaintiff initiated this action by filing a complaint in the Sacramento division of this Court on April 13, 2023. (Doc. 1.) The action was transferred to the Fresno division on April 19, 2023. (Doc. 3.)

On April 20, 2023, this Court issued its Order to Pay Filing Fee in Full or Submit Application to Proceed *In Forma Pauperis* (IFP). (Doc. 5.) Plaintiff was directed to respond within 45 days by paying the $402 filing fee in full or submitting a completed and signed application to proceed IFP. (*Id.*)

On June 5, 2023, Plaintiff paid the $402 filing fee in full. (*See* Docket Entry of 6/5/2023 [Receipt number 1000000491].)

On September 5, 2024, Plaintiff filed a document titled "Motion Requesting 'Summary Judgment' in Favor of Plaintiff for Failure to Respond." (Doc. 14.)

**II.     DISCUSSION**

Briefly stated, Plaintiff states he is "filing the motion for failure to respond to time constraints showing substantial facts of 'guilt,'" noting that he has alleged four severe claims of misconduct, and asks the Court "to set a deadline for the Defendants to respond to notices per court order." (Doc. 14.) Plaintiff also requests "Defendants to settle in the amount of $6,500.00." (*Id*. at 2.)

Plaintiff is advised his complaint must be screened before the Court issues any order concerning service of process. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). (*See also* Doc. 4 at 3 [First Informational Order in Prisoner/Civil Detainee Civil Rights Cases issued 4/19/2023].)

The Court recognizes Plaintiff's complaint has not yet been screened despite the passage of more than 18 months. Plaintiff is advised this Court is one of the busiest district courts in the nation. All judges in this district carry a heavy caseload and hundreds of prisoner civil rights cases are filed in this district each year. Unfortunately, delays are inevitable.

Only after Plaintiff's complaint has been screened and found to state cognizable claims will the Court issue an order directing service of process to defendants. (Doc. 4 at 3 ["A pro se plaintiff may not proceed … until the Court screens the pro se plaintiff's complaint and finds that it states a cognizable claim against named defendants. If the Court does find a cognizable claim and the plaintiff is proceeding in forma pauperis, the Court will direct the United States Marshal to initiate service of the complaint on defendants"].) Plaintiff's complaint will be screened in due course.

In sum, because Plaintiff's complaint has not yet been screened, the Court has not directed the United States Marshal to serve the complaint on any defendant and no defendant has appeared in this action. Therefore, the defendants Plaintiff named in his complaint have not "fail[ed] to respond" or missed any Court imposed deadline. Until the Court has had the opportunity to screen Plaintiff's complaint, no further action is warranted.

### III.    CONCLUSION AND ORDER

Accordingly, for the reasons given above, the Court **ORDERS**:

1. Plaintiff's motion filed September 5, 2024 (Doc. 14) is **DENIED**; and
2. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated:   **September 13, 2024**                    _____
                                                                          UNITED STATES MAGISTRATE JUDGE

3