UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TREVON R. KIRKLAND,

          Plaintiff,

   v.

D. SMITH, et al.,

          Defendants.

Case No.: 1:23-cv-00602-CDB

**ORDER GRANTING PLAINTIFF
90 DAYS WITHIN WHICH TO IDENTIFY
JOHN DOE**

Plaintiff Trevon R. Kirkland is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.    RELEVANT BACKGROUND

Plaintiff filed his complaint on April 13, 2023. (Doc. 1.) Following screening, in relevant part, the Court found Plaintiff states a cognizable Fourteenth Amendment due process violation against Defendant John Doe. (*See* Doc. 17.)

The Court now addresses the issue of Plaintiff's need to identify John Doe against whom the Fourteenth Amendment claim proceeds.

## II.    DISCUSSION

Defendant "John Doe #1" is employed at Kern Valley State Prison and is presently unknown to Plaintiff. Plaintiff alleges John Doe refused to allow him to present evidence at a March 18, 2022, disciplinary hearing in violation of the procedural protections afforded by the

1   Fourteenth Amendment.

2       Plaintiff is advised that the United States Marshal cannot serve Doe defendants. Plaintiff

3   will be required to identify John Doe with enough information to locate the defendant for service

4   of process. Plaintiff will be given the "opportunity through discovery to identify the unknown

5   (Doe) defendants." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quotation and

6   citation omitted).

7       As previously noted, this action proceeds, in part, on Plaintiff's Fourteenth Amendment

8   due process claim against Defendant Doe. Although Plaintiff has stated a plausible claim against

9   John Doe, the Court will not require service at this time. The Ninth Circuit has held that where

10  identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity

11  through discovery to identify the unknown defendants unless it is clear that discovery would not

12  uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v.*

13  *Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642

14  (9th Cir. 1980)). Here, it is unclear whether discovery would uncover the identity of John Doe,

15  nor it is clear that Plaintiff's complaint would be dismissed on other grounds. Thus, Plaintiff

16  should be afforded an opportunity to discover the identity of John Doe through limited discovery.

17      Rule 45 of the Federal Rules of Civil Procedure concerns subpoenas. Plaintiff is advised

18  the Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff

19  is subject to limitations. Because personal service of a subpoena duces tecum is required (Fed. R.

20  Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a

21  subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008

22  WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include the

23  relevance of the information sought, as well as the burden and expense to the non-party in

24  providing the requested information. Fed. R. Civ. P. 26, 45.

25      A motion for issuance of a subpoena duces tecum should be supported by clear

26  identification of the documents sought and a showing that the records are obtainable only through

27  the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010

28  WL 1948560, at *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS

(PC), 2010 WL 148703, at *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors. *Id*.

Finally, the Court notes that if Plaintiff has learned the name of John Doe since filing his complaint, and/or does not require a subpoena to obtain the individual's identity, Plaintiff shall file a notice of substitution with the Court, asking to substitute that individual's actual name for "John Doe #1."

**III.    CONCLUSION AND ORDER**

Accordingly, the Court **GRANTS Plaintiff ninety (90) days** in which to discover the name of John Doe, through subpoena or otherwise, and to substitute this defendant's actual name by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163. If, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual name John Doe, the Court will recommend dismissal, without prejudice, of John Doe #1.

IT IS SO ORDERED.

Dated:   **October 1, 2024**

_____

UNITED STATES MAGISTRATE JUDGE