UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVON R. KIRKLAND,<br><br>        Plaintiff,<br><br>    v.<br><br>D. SMITH, et al.,<br><br>        Defendants. | Case No.: 1:23-cv-00602-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT JOHN DOE**<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Trevon R. Kirkland is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

The Court issued its First Screening Order on September 27, 2024. (Doc. 17.) In relevant part, it found Plaintiff stated a plausible Fourteenth Amendment due process claim against Defendant John Doe. (*Id*. at 6-8.)

On October 1, 2024, the Court issued its Order Granting Plaintiff 90 Days Within Which To Identify John Doe. (Doc. 18.)

Plaintiff's deadline to file a notice of substitution has passed, and Plaintiff has not filed a notice of substitution, identified defendant John Doe, or otherwise contacted the Court. As Plaintiff has failed to identify defendant John Doe, the Court will recommend that defendant John Doe be dismissed from this action, without prejudice, because of Plaintiff's failure to provide the

Court with accurate and sufficient information to effect service of the summons and complaint on defendant John Doe within the time period prescribed by Federal Rule of Civil Procedure 4(m).

## II.   DISCUSSION

The Federal Rules of Civil Procedure provide as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' ... as long as he or she 'provide[s] the necessary information to help effectuate service.'" *Schrubb v. Lopez*, 617 Fed. Appx. 832, 832 (9th Cir. 2015) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995)). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)), overruled on other grounds by *Sandin*, 515 U.S. at 483-84). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

Although Plaintiff is not proceeding *in forma pauperis*,[1] the Court's October 1, 2024, order advised Plaintiff that the United States Marshal cannot serve Doe defendants, that Plaintiff was required to identify John Doe "with enough information to locate the defendant for service of process," and that he would be provided an "'opportunity through discovery to identify the unknown (Doe) defendants.'" (Doc. 18 at 2.) The Court also informed Plaintiff of the

---

[1] Plaintiff paid the $402.00 filing fee for this action on June 5, 2023.

requirements for obtaining a subpoena duces tecum to learn the necessary identifying information (*id*. at 2-3) and advised Plaintiff that if he had learned the identity of John Doe since filing the complaint and did not require a subpoena, he should file a notice of substitution with the Court, substituting the individual's actual name for "John Doe #1" (*id*. at 3). Plaintiff was provided with a 90-day deadline to file a notice of substitution identifying a named individual in place of defendant John Doe. (*Id.*) Finally, Plaintiff was warned that if he failed to file a notice to substitute John Doe by the deadline, the Court would recommend the dismissal of John Doe without prejudice. (*Id*.)

As Plaintiff has failed to provide the Court with accurate and sufficient information to effect service of the summons and complaint on defendant John Doe within the time period prescribed by Federal Rule of Civil Procedure 4(m), the Court will recommend that defendant John Doe be dismissed from the action, without prejudice.[2]

### III.     ORDER AND RECOMMENDATION

Accordingly, the Court **DIRECTS** the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons given above, the Court **RECOMMENDS** defendant John Doe be **DISMISSED** without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15- page limitation may be

---

[2] The Court notes this action continues to proceed against Defendants Bucato and Smith.

disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __**January 6, 2025**__                    _____
                                                                    UNITED STATES MAGISTRATE JUDGE