UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVON R. KIRKLAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. SMITH, et al.,<br><br>　　　　　Defendants. | Case No.: 1:23-cv-00602-JLT-CDB<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS**<br><br>(Doc. 22)<br><br>**ORDER GRANTING EXTENSION OF TIME TO IDENTIFY JOHN DOE** |

Plaintiff Trevon R. Kirkland is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.   RELEVANT BACKGROUND**

The Court issued its First Screening Order on September 27, 2024. (Doc. 17.) In pertinent part, it found Plaintiff stated a plausible Fourteenth Amendment due process claim against Defendant John Doe. (*Id*. at 6-8.)

On October 1, 2024, the Court issued its Order Granting Plaintiff 90 Days Within Which To Identify John Doe. (Doc. 18.)

On January 7, 2025, when 90 days passed without any response from Plaintiff, the Court issued Findings and Recommendations to Dismiss Defendant John Doe. (Doc. 22.) Specifically, the undersigned recommended John Doe be dismissed because Plaintiff failed to provide the Court with accurate and sufficient information to effect service of process. (*Id.* at 2-3.) Any

objections were to be filed within 14 days. (*Id*. at 3-4.)

On January 27, 2025, Plaintiff filed objections to the Findings and Recommendations. (Doc. 23.)

**II.    DISCUSSION**

As best the Court can determine, Plaintiff asserts he did not receive the Court's October 1, 2024, order, or received it late. (*See* Doc. 23 at 1 ["Substantial documentation from the district court was not received on October 1st, 2024, ordering plaintiff to discover the whereabouts of (John Doe #1) …"].) Plaintiff asserts the Court "needs to get with the Department of (CDCR) to enforce compliance with Federal US postal mail services." (*Id*.) Next, Plaintiff contends "it is in the best interest of justice to maintain (John Doe) as a prospective member in this lawsuit due to malicious activity as a peace officer and ongoing corruption at Kern Valley State Prison." (*Id*. at 2.) Plaintiff maintains he "was charged a substantial amount of monetary cost to have these corrupted officials brought" to Court. (*Id*.) Plaintiff next states: "It is determined that the location of (John Doe #1) is in factual evidence able to locate within the credible guidelines of the (115) RVR for disciplinary reasons on February 13th, which (LT.) was an active member in the finding of guilt on this incident report from the data of which this incident transpired." (*Id*.) Lastly, Plaintiff contends the California Department of Corrections and Rehabilitation (CDCR) "is withholding information that plays a valuable part in this court action." (*Id*.)

Plaintiff alone bears the burden of identifying any Doe defendant named in this action. *See, e.g.*, *Johnson v. Spearman*, No. 2:19-cv-1093 JAM KJN P, 2020 WL 7405693, at *2, n.3 (E.D. Cal. Dec. 17, 2020) ("It is Plaintiff's obligation to timely identify individuals named as defendants in a civil rights complaint"); *Reyes v. Flores*, No. 1:16-cv-00586-DAD-JLT (PC), 2018 WL 3968245, at *10 (E.D. Cal. Aug. 16, 2019) ("It is Plaintiff's obligation to provide the information necessary to identify and locate a given defendant"); *cf. Paulson v. Doe 1*, No. 6:23cv070, 2024 WL 4179167, at *3 (E.D. Tex. June 5, 2024) ("The Court's obligation is not to search [for] and locate unnamed defendants"); *Custard v. Balsick*, No. 15-cv-2221-REB-CBS, 2017 WL 131799, at *4 (D. Colo. Jan. 13, 2017) ("'Plaintiff appears to believe that it is the court's obligation to identify unnamed John Doe defendants. It is not'"). This Court has met its

separate but related obligation by affording Plaintiff the opportunity to conduct limited discovery before recommending dismissal of John Doe from this action. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

Next, Plaintiff offers no evidence in support of his conclusory assertion that the CDCR is "withholding" identifying information. Thus, for instance, Plaintiff does not attest that he made a request of the CDCR for the identity of Defendant John Doe and that such request was refused. Significantly too, no CDCR official or employee has appeared in this action to date.[1] Nor has any discovery and scheduling order that would apply to all parties been issued by the Court. Rather, this Court has thus far permitted only limited discovery to be conducted *by Plaintiff* as concerns the identity of John Doe.

Plaintiff notes he has paid "a substantial amount of monetary cost" to bring this action. On April 20, 2023, the Court issued its order directing Plaintiff to either pay the required filing fee or to submit an application to proceed *in forma pauperis* (IFP). (Doc. 5.) Plaintiff did not apply to proceed IFP, and instead elected to pay the required $402 filing fee on June 5, 2023. To the extent Plaintiff contends his payment of the $402 filing fee weighs against dismissal of the Doe defendant, that is not the case. In fact, where a pro se plaintiff is *not* proceeding IFP—like Plaintiff in this action—the costs associated with service of process are typically paid by the pro se plaintiff,[2] over and above the required filing fee. *See Custard*, 2017 WL 131799, at *4 ("Because he is not proceeding [IFP], Plaintiff's responsibility to identify the Defendants is greater than most in pro se cases"). Nevertheless, the Court has already ordered service by the United States Marshal on Defendants Bucato and Smith (*see* Doc. 19).

Although Plaintiff also invokes "the interests of justice" as grounds to forbear from dismissing Defendant John Doe, as noted in the Findings and Recommendations, this Court "must dismiss the action without prejudice against" a defendant that is not timely served. *See* Fed.

---

[1] Service of process is ongoing as to Defendants Bucato and Smith and a responsive pleading is not yet due. (*See* Doc. 19.)

[2] *See Puett v. Blandford*, 92 F.2d 270, 275 (9th Cir. 1990) (IFP litigant is entitled to have process served by U.S. Marshal if litigant provides necessary information to help effectuate service).

R. Civ. P. 4(m). (*See also* Doc. 22 at 2.)

To the extent Plaintiff complains he is not receiving his mail at Kern Valley State Prison, Plaintiff has recourse to filing a separate suit asserting such a claim. This action does not include such a claim; it proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendant Smith, Eighth Amendment threat to safety claim against Defendant Bucato, and Fourteenth Amendment due process violation against Defendant Doe, all arising in 2022. Any claims Plaintiff has regarding delivery of his mail in 2024 and 2025 are unrelated to the claims in this action. *See* Fed. R. Civ. P. 20(a)(2).

Plaintiff was previously afforded 90 days within which to learn the identity of John Doe and to provide that information to the Court so that service of process of John Doe by the United States Marshal could proceed. Plaintiff has failed to do so. Plaintiff will be afforded ***one additional opportunity*** to comply with his obligation to identify John Doe. He may use the additional time afforded to him to learn the identity of John Doe through any means available to him. By way of example, Plaintiff might use a CDCR Form 22 to learn the identity of John Doe, the lieutenant "on C-yard" alleged to have conducted a disciplinary hearing on March 18, 2022, following issuance of a rules violation report, or to request a copy of the disposition of that disciplinary hearing that is likely to include the actual name of Defendant John Doe. *See, e.g.*, *Thompson v. Allison*, No. 23-cv-05079-HSG, 2024 WL 4394759, at *3 (N.D. Cal. Oct. 3, 2024) ("Plaintiff may be able to obtain the names of these [John Doe] individuals by accessing his classification records or using the CDCR Form 22"). If Plaintiff cannot obtain John Doe's identity in that manner, as the Court previously advised, he may file a motion for issuance of a subpoena as outlined in this Court's October 1, 2024, order. (*See* Doc. 18 at 2-3.)

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. The Findings and Recommendations issued January 7, 2025 (Doc. 22) are **VACATED**;

2. Plaintiff is **GRANTED an additional 90 days** from the date of service of this order within which to identify John Doe;

4

3. No further extensions of time to identify and move to substitute John Doe will be granted absent a showing by Plaintiff of diligence and good cause;

4. The Clerk of the Court is **DIRECTED** to serve Plaintiff with a copy of the Court's October 1, 2024, order (Doc. 18), as a one-time courtesy.

**Any failure by Plaintiff to timely comply with this order will result in the reissuance of findings and recommendation to dismiss John Doe, without prejudice**.

IT IS SO ORDERED.

Dated:   **January 28, 2025**                              _____
                                                          UNITED STATES MAGISTRATE JUDGE

5