UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVON R. KIRKLAND,<br><br>  Plaintiff,<br><br>  v.<br><br>D. SMITH, et al.,<br><br>  Defendants. | Case No.: 1:23-cv-00602-JLT-CDB<br><br>**ORDER GRANTING SUBSTITUTION OF PARTY**<br><br>(Doc. 30) |

Plaintiff Trevon R. Kirkland is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

### I.   PROCEDURAL BACKGROUND

The Court issued its First Screening Order on September 27, 2024. (Doc. 17.) In pertinent part, it found Plaintiff stated a plausible Fourteenth Amendment due process claim against Defendant John Doe. (*Id*. at 6-8.)

On October 1, 2024, the Court issued its Order Granting Plaintiff 90 Days Within Which To Identify John Doe. (Doc. 18.)

On January 7, 2025, when 90 days passed without any filings by Plaintiff regarding substitution, the Court issued Findings and Recommendations to Dismiss Defendant John Doe. (Doc. 22.) Specifically, the undersigned recommended John Doe be dismissed because Plaintiff failed to provide the Court with accurate and sufficient information to effect service of process.

1  (*Id.* at 2-3.) Any objections were to be filed within 14 days. (*Id.* at 3-4.) On January 27, 2025,
2  Plaintiff filed objections to the Findings and Recommendations, indicating he did not receive the
3  Court's October 2024 order until a later date. (Doc. 23.)

4      On January 28, 2025, the Court issued its Order Vacating Findings and Recommendations
5  and Order Granting Extension of Time to Identify John Doe. (Doc. 24.) Relevant here, Plaintiff
6  was given an additional 90 days within which to identify John Doe. (*Id.* at 4-5.)

7      On February 28, 2025, Plaintiff filed a document titled "Motion to Discover Identification
8  of (John Doe #1)." (Doc. 30.)

## II.   DISCUSSION

The Court construes Plaintiff's February 28, 2025, filing to be a request to substitute Lieutenant L. Moore for Defendant John Doe. Plaintiff advises that he "determined that (John Doe #1.)'s legal name in the system is Lt. 'L. Moore' of (Kern Valley State Prison)."

Federal Rule of Civil Procedure 15(c), Relation Back of Amendments, provides:

> (1) When an Amendment Relates Back. An amendment to the pleading relates back to the date of the original pleading when:
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c). Although Plaintiff did not submit a proposed amended complaint identifying the defendant by name within the pleading as contemplated in Rule 15(c) and Local Rule 220, neither the October 1, 2024, nor the January 28, 2025, orders giving Plaintiff 90 days to identify Defendant John Doe required him to do so. (*See* Doc. 18 & 24.)

A review of Plaintiff's complaint and this Court's First Screening Order reveals that Plaintiff identifies John Doe #1 with sufficient facts concerning that individual's involvement in the alleged violation of due process at issue. (*See* Doc. 1 at 5 & Doc. 17 at 6-8 [Claim Three].)

2

Specifically, Plaintiff alleges that on March 18, 2022, at about 6:30 to 7 p.m., he was moved from D yard to C yard "for the very purpose of allowing this [lieutenant] to conduct a finding of 'guilt' with zero evidence or grounds." (Doc. 1 at 5.) Plaintiff contends he asked that camera footage be presented at the hearing on the rules violation report. (*Id*.) He asserts Doe told him that the "'captain & warden told [Doe] not to use them so therefore they will not be played at your hearing today.'" (*Id*.) Plaintiff maintains "Colman gave [inmates] the ability to use camera footage" during a hearing, allowing for the "possibility of a 'not guilty' finding," and alleges that "proves concrete evidence for [Doe] to make a decision and have a defense." (*Id*) Next, Plaintiff states after he was found guilty, C yard officers "found a way to remove [him] and place or house [him] back" in D facility and that he was injured from the loss of "family visiting for false accusations." (*Id*.) Thus, the filing of a first amended complaint to merely substitute the name of John Doe #1 is unnecessary.

Accordingly, the original complaint will remain the operative complaint in this action and the Court will substitute John Doe #1 for the named individual defendant Plaintiff identifies: Lieutenant L. Moore. *See, e.g*., *Edwards v. California Department of Corrections and Rehabilitation*, No. 1:23-cv-01180-NODJ-SKO, 2024 WL 774952, at *2 (E.D. Cal. Feb. 26, 2024); *Cantu v. Doe 1*, No. 1:20-cv-00386-HBK, 2021 WL 2822531, at *1-2 (E.D. Cal. July 7, 2021); *Altheide v. Williams*, No. 2:17-cv-02821JCM-BNW, 2020 WL 42462 * 1 (D. Nevada Jan. 3, 2020) (similarly treating previously filed complaint as the operative complaint but substituting named-defendants for the John Doe Defendants).

### III. CONCLUSION AND ORDER

Accordingly, and for the reasons stated above, the Court **HEREBY ORDERS** that:

1. Plaintiff's motion filed February 28, 2025 (Doc. 30), construed as a request to substitute John Doe #1, is **GRANTED;**
2. The Clerk of the Court is **DIRECTED** to add **L. Moore, a Lieutenant at Kern Valley State Prison**, to the docket caption for this action; and

//

//

3

3. Limited discovery is now closed. The Court will issue a separate order regarding service of process of Defendant L. Moore in due course.

IT IS SO ORDERED.

Dated: __March 10, 2025__          _____
                                    UNITED STATES MAGISTRATE JUDGE