UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVON R. KIRKLAND,<br><br>            Plaintiff,<br><br>      v.<br><br>D. SMITH, et al.,<br><br>            Defendants. | Case No.: 1:23-cv-00602-JLT-CDB<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT D. SMITH SHOULD NOT BE DISMISSED FROM THIS ACTION FOR PLAINTIFF'S FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE**<br><br>**30-DAY DEADLINE** |

Plaintiff Trevon R. Kirkland is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.      INTRODUCTION**

This action has a complicated history concerning service of process.

On December 30, 2024, the Court issued its Order Finding Service Appropriate, directing that service be effected on Defendants E. Bucato and D. Smith under the Court's e-service pilot program. (Doc. 19.)

Following a brief extension of time (*see* Docs. 25 & 27), on February 21, 2025, the California Department of Corrections and Rehabilitation (CDCR) filed its Amended[1] Notice of E-Service Waiver, indicating Defendants Bucato and Smith intended to waive personal service.

---
[1] An earlier notice filed the same date included the name of an individual not a party to this action.

1  (Doc. 29.)

2  Thereafter, on March 10, 2025, the Court granted Plaintiff's request to substitute Defendant L. Moore for a Doe defendant (Doc. 31) and ordered service be effected on Defendant L. Moore the following day (Doc. 32).

On March 24, 2025, Defendants Bucato, Moore, and Smith filed a Waiver of Service of Summons. (Doc. 35.)

On April 21, 2025, Defendants Bucato, Moore, and Smith filed an Ex Parte Application for Extension of Time to File a Responsive Pleading. (Doc. 36.) The Court granted the extension of time, extending the deadline to May 22, 2025. (Doc. 38.)

Thereafter, on April 28, 2025, CDCR filed another Amended Notice of E-Service Waiver, indicating Defendant Bucato intended to waive personal service, but that personal service could not be waived for Defendant Smith because "Don E. Smith" was "[n]o longer employed by CDCR and cannot be located. Unable to accept service." (*See* Docs. 39 & 40.)[2]

In response to the conflicting filings regarding Defendant Smith, the Court issued its Minute Order of May 2, 2025, directing defense counsel to file a status report "indicating whether he still intends to appear on behalf of Defendant Smith by filing a responsive pleading on or before 5/22/25" and indicating that if defense counsel did not intend to do so, counsel should "explain the inconsistent filings of 2/21/25 …, 3/24/25 …, and 4/28/25." (*See* Doc. 41.)

On May 9, 2025, Defendants Bucato and Moore filed their "Status Report and Notice of Filing of Amended Waiver of Service." (Doc. 43.) It states "CDCR erroneously included Defendant Smith in their [February 21, 2025] filing," that CDCR had no authority to file a notice of intent on Smith's behalf, and that the "Attorney General's Office unknowingly compounded CDCR's error when it subsequently filed a waiver of service on behalf of all three named Defendants." (*Id*. at 1-2.) The status report further states that despite several attempts "to contact Smith at his last known address, the AG's Office has been unable to communicate with him and has no authority to represent Smith or accept service on his behalf." (*Id*. at 2.) That same date,

---

[2] Service documents for Defendant Smith were emailed to the United States Marshal on April 28, 2025.

and as referenced in the status report, an Amended Waiver of Service of Summons was filed on behalf of Defendants Bucato and Moore. (Doc. 44.)

On May 22, 2025, Defendants Bucato and Moore filed an answer to Plaintiff's complaint. (Doc. 45.)

On June 13, 2025, the United States Marshal filed its USM-285 form, indicating service of process could *not* be effected on Don E. Smith. (Doc. 47.) The United States Marshall was unable to find or obtain a forwarding address or contact number for Defendant Smith and was unable to otherwise "identify [the] correct named defendant Don Smith." (*Id.*)

**II.     DISCUSSION**

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the U.S. Marshal, upon order of the court, shall serve the summons and the complaint.[3] Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).

"So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472

---

[3] Although Plaintiff is not proceeding *in forma pauperis* in this action (*see* Docket Entry of 6/5/2023 [receipt for payment of $402 filing fee]), the Court nevertheless ordered service to proceed until its e-service pilot program (Doc. 19), including the involvement of the United States Marshal.

3

(1995). However, where a pro se plaintiff fails to provide the U.S. Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Here, the U.S. Marshal has attempted to locate Defendant Don E. Smith for service of process without success. Plaintiff identified Defendant Smith as a correctional officer employed at Kern Valley State Prison (KVSP) on February 13, 2022. (*See* Doc. 1 at 1-2 & Doc. 19 at 1.) However, the U.S. Marshal was advised that Smith was no longer employed by the CDCR and thus could not be located at KVSP. Further, no forwarding address or other contact information was available to the Marshal. Hence, the Court finds Plaintiff has failed to provide the U.S. Marshal with accurate and sufficient information to effect service of the summons and complaint on Defendant Smith. *Walker*, 14 F.3d at 1421-22. If Plaintiff is unable to provide the U.S. Marshal with the necessary information to locate this individual, Defendant Smith shall be dismissed from this action, without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

To be clear, it is Plaintiff's obligation to provide the U.S. Marshal with accurate and sufficient information to effect service of process. *Walker*, 14 F.3d at 1421-22; *see, e.g.*, *Lear v. Navarro*, No. 1:21-cv-00600-DAD-BAM (PC), 2022 WL 2819034, at *2 (E.D. Cal. July 19, 2022) ("as the Marshal has already attempted to serve Defendant Plata with the information that was provided, the Court finds that Plaintiff has not provided sufficient information to identify and locate Defendant Plata for service of process. To the extent Plaintiff requests that the Court order [CDCR] Defendants or defense counsel to provide such information directly to the Court, by order or by email, the Court declines to do so"); *Steward v. Igbinosa*, No. 1:18-cv-00551-AWI-BAM (PC), 2021 WL 3488282, at *2 (E.D. Cal. Aug. 9, 2021) (it is not CDCR's responsibility to provide the Court with updated contact information for the defendant; because plaintiff had "no other information that can be used to locate Defendant Nelson, and as the Marshal has already attempted to serve Defendant Nelson with the information provided, the Court finds that Plaintiff has not provided sufficient information to identify and locate Defendant Nelson for service of process"). And it is not the U.S. Marshal's responsibility to locate Defendant Smith. *See, e.g.*,

*Heredia v. Lawrence*, No. 17cv1560-LAB (LL), 2019 WL 1330316, at *2 (S.D. Cal. Mar. 25, 2019) (contrary to plaintiff's contention that the burden of locating defendants should "be on the USMS or the Court," finding it is plaintiff's responsibility to provide the necessary information and the "USMS does its best to effect service as instructed, but it does not have the ability to track down every defendant named in a complaint if the information provided by the plaintiff is faulty"). Nor does that burden fall on or extend to the Court. *See Heredia*, 2019 WL 1330316, at *2; *Harbridge v. Hall, Lee, and Tucker*, No. 1:10-cv-00473-DAD-JLT (PC), 2017 WL 1821282, at *5 (E.D. Cal. May 5, 2017) (same).

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Smith should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information that will assist the United States Marshal in locating Defendant Smith for service of process.

### III.  CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** that:

1. **Within thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Smith should not be dismissed from this action. Plaintiff may do so by providing additional information concerning Defendant Smith's current location; and
2. **Any failure by Plaintiff to timely respond to this order or show cause will result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated: __June 17, 2025__                    _____
                                            UNITED STATES MAGISTRATE JUDGE