UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVON R. KIRKLAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. SMITH, et al.,<br><br>　　　　　Defendants. | Case No.: 1:23-cv-00602-JLT-CDB<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 48)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>(Doc. 49)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST RE DEFENDANTS' ANSWER**<br><br>(Doc. 49)<br><br>**ORDER EXTENDING DEADLINE WITHIN WHICH TO LOCATE DEFENDANT SMITH** |

Plaintiff Trevon R. Kirkland is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

On June 17, 2025, this Court issued its Order to Show Cause (OSC) Why Defendant D. Smith Should not be Dismissed from this Action for Plaintiff's Failure to Provide Sufficient Information to Effectuate Service. (Doc. 48.) Specifically, Plaintiff was directed to "show cause

1  why Defendant Smith should not be dismissed from this action. Plaintiff may do so by providing
2  additional information concerning Defendant Smith's current location." (*Id*. at 5.)
3    On June 20, 2025, Plaintiff filed a document titled "Plaintiffs' Response; Motion for
4  Appointment of Counsel." (Doc. 49.)
5    **II. DISCUSSION**
6    Plaintiff's response to the OSC concerns three issues: his request for the appointment of
7  counsel, Defendants' answer, and service of process of Defendant Don E. Smith.
8    **A. The Motion to Appoint Counsel**
9    *Applicable Legal Standards*
10   Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions.
11 *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d
12 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28
13 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in
14 "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant
15 to section 1915(e)(1). *Rand*, 113 F.3d at 1525.
16   Given that the Court has no reasonable method of securing and compensating counsel, the
17 Court will seek volunteer counsel only in extraordinary cases. In determining whether
18 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
19 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
20 complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks &
21 citations omitted).
22   *Analysis*
23   First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his
24 claims. *Rand*, 113 F.3d at 1525. The Court finds that although Plaintiff's complaint was screened
25 by the Court and Defendants Bucato and Moore have filed an answer to the complaint, a
26 likelihood of success on the merits determination is premature as discovery has not yet
27 commenced. *See, e.g.*, *Porter v. Rivas*, No. 1:23-cv-00105- ADA-CDB (PC), 2023 WL 4765492,
28 at *1 (E.D. Cal. July 26, 2023) ("A likelihood of success on the merits determination is not the

same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening").

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se considering the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. The Court finds Eighth Amendment excessive force and threat to safety claims and Fourteenth Amendment due process violations are not complex. *See Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical needs claims are not complex"); *Andre-Gollihar v. County of San Joaquin*, No. 2:09-cv-03313 MCE KJN PS, 2010 WL 2925358, at *2 (E.D. Cal. July 26, 2010) ("plaintiff's claims of excessive force and wrongful death are not complex"); *Arroy v. Jeffries*, No. 23-1129, 2023 WL 3010154, at *4 (C.D. Ill. Apr. 19, 2023) (denying motion for appointment of counsel and finding "Plaintiff's failure to protect claim is not complex"). Further, the Court notes that Plaintiff's filings have been responsive and reflect Plaintiff is logical and articulate. (*See, e.g.*, Docs. 1, 8, 10-14, 16, 26, 30.)

Incarceration is not an exceptional circumstance warranting the appointment of counsel. *See Suarez v. Clark*, No. 1:22-cv-00160-JLT-SAB (PC), 2024 WL 477982, at *1 (E.D. Cal. Jan. 25, 2024) ("the Court has 'repeatedly' held incarceration's challenges on litigation do not constitute an exceptional circumstance. [] If Plaintiff's incarceration was an exceptional circumstance, any prisoner would be entitled to counsel").

As concerns Plaintiff's lack of legal knowledge and/or limited law library access, those too are not exceptional circumstances; rather, they are circumstances common to nearly all pro se prisoner litigants. *See, e.g.*, *Escamilla v. Oboyle*, No. 2:22-cv-2038 KJM AC P, 2023 WL 2918028, at *1 (E.D. Cal. Apr. 12, 2023) ("Circumstances common to most prisoners, such as a lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel"); *Faultry v. Saechao*, No. 2:18-cv-1850 KJM AC P, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (same); *Callender v.*

3

*Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

The fact an attorney would be better prepared to litigate and try this action, does not amount to an exceptional circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"). There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff vaguely asserts "continuous retailitory [sic] methods by correctional staff," noting the "interferences cause I/M to not have the ability to execute such legal procedures on his own." (Doc. 49 at 1.) This action does not involve any retaliation claims. To the extent Plaintiff seeks to assert First Amendment retaliation claims, he must file a new action. Furthermore, even accepting Plaintiff's vague assertions as true, exceptional circumstances do not exist. *See, e.g.*, *Palmer*, 560 F.3d at 970 (finding that plaintiff failed to demonstrate exceptional circumstances despite his contentions that "the pain from his surgery limited his ability to prepare for trial, and prison officials had denied him access to his legal documents, thereby limiting his ability to prepare for trial"); *Cortez v. McGhee*, No. 1:24-cv-00941 GSA (PC), 2025 WL 401217, at *2

1  (E.D. Cal. Jan. 24, 2025) (denying counsel where plaintiff asserted he was "being retaliated
2  against"); *Marsala v. Diaz*, No. 1:22-cv-00843-BAM (PC), 2022 WL 2818737, at **1 (E.D. Cal.
3  July 19, 2022) (denying counsel where plaintiff asserted he had "been harassed, ridiculed, and
4  retaliated against when interacting with staff"); *Allen v. Currier*, No. 20-CV-1389 JLS (LR), 2023
5  WL 2087963, at *3 (S.D. Cal. Feb. 17, 2023) (denying appointment of counsel where plaintiff
6  alleged his mail was delayed or missing and obstructing his access to the court).

7  Finally, the Court notes Plaintiff paid the $402 filing fee for this action (*see* Docket Entry
8  No. dated 6/5/2023 ["receipt number 1000000491"]) and Plaintiff is not proceeding *in forma*
9  *pauperis* in this action. The Court is not aware of any authority that would allow the appointment
10  of counsel for a litigant in a civil action who is not proceeding *in forma pauperis*.

11  In sum, the test is not whether Plaintiff would benefit from the appointment of counsel;
12  the test is whether exceptional circumstances exist. Here, no exceptional circumstances exist
13  warranting the appointment of counsel. Thus, Plaintiff's motion will be denied.

14  **B. Defendants' Answer**

15  Plaintiff "moves to deny defendants Answer to this case based on False or wrong
16  documentation to the courts. There is no substantial evidence supporting their cause, and does not
17  shine light on truthfulness." (Doc. 49 at 2.) Further, Plaintiff asserts "defendants failed to present
18  any REAL authentic information based on what transpired and did NOT respond in words
19  correctly." (*Id*. at 3.)

20  A motion to strike pursuant to the Federal Rules of Civil Procedure allows a court to strike
21  "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or
22  scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid
23  the expenditure of time and money that must arise from litigating spurious issues by dispensing
24  with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft, Co.*, 618 F.3d 970, 973 (9th
25  Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)), rev'd on other
26  grounds by *Fogerty v. Fantasy, Inc*., 510 U.S. 517, 114 (1994); *see Sidney-Vinstein v. A.H.*
27  *Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

28  Rule 12(f) motions are generally viewed with disfavor and not ordinarily granted.

1   *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). A motion to strike should
2   therefore not be granted unless it is absolutely clear that the matter to be stricken could have no
3   possible bearing on the litigation. *Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996).
4         Defendant Bucato and Moore's answer to Plaintiff's complaint was filed May 22, 2025.
5   (Doc. 45.) It denies Plaintiff's allegations (*id*. at 2-3) and asserts affirmative defenses (*id*. at 3-5).
6   *See* Fed. R. Civ. P. 8(b) & (c). Here, a review of the answer does not reveal insufficient defenses
7   or "redundant, immaterial, impertinent, or scandalous matter" or any other "spurious issues." Fed.
8   R. Civ. P. 12(f); *Whittlestone, Inc*., 618 F.3d at 973. Nor is it clear that Defendants' answer has no
9   bearing on the litigation. *Lilley*, 936 F. Supp. at 713. The fact Plaintiff asserts the answer is
10  "false" or "wrong" does not change this outcome. And to the extent Plaintiff contends the answer
11  is not supported by "substantial evidence," such evidence is not required at this stage of the
12  proceedings. Plaintiff's motion will be denied. *Bureerong*, 922 F, Supp. at 1478. Plaintiff is
13  advised that the discovery process will involve the sharing of evidence between the parties. *See*
14  Fed. R. Civ. P. 26(b); *see also, e.g*., Fed. R. Civ. P. 30, 33, 34, 36. Plaintiff is encouraged to
15  review section "V. DISCOVERY" in this Court's First Informational Order in Prisoner/Civil
16  Detainee Civil Rights Case issued April 19, 2023. (*See* Doc. 4 at 4-5.) The Court will issue a
17  discovery and scheduling order in due course.

### C. Defendant Smith and Service of Process

19        Plaintiff's response states, in part: "It is in the best interest to find and or locate defendant
20  Don Smith for his actions fell beyond a reasonable doubt and holds significant purpose in this
21  (pro se) lawsuit as of now." (Doc. 49 at 2.) Plaintiff asserts Defendant Smith "does not work for
22  (CDCR) any longer due to misconduct or other malicious activity." (*Id*.) Plaintiff states that the
23  California Department of Corrections and Rehabilitation (CDCR) asserts "false allegations to
24  cover up the malicious attack of their own, makes defendants' unreliable within court proceedings
25  to move forward with the articulated truthfulness in good faith." (*Id.* at 2-3.)
26        Here, the CDCR has indicated it could not accept service on behalf of Defendant Smith
27  because Smith was "[n]o longer employed by CDCR and cannot be located." (Doc. 40.) There is
28  no evidence in this record to indicate CDCR has acted inappropriately or that Defendant Smith's

employment was terminated "due to misconduct or other malicious activity." The record establishes only that Defendant Smith is no longer employed by CDCR and that his location is unknown. Further, the United States Marshals Service has indicated its attempts to locate or gather information to find Defendant Smith were unsuccessful because a "forwarding address or contact number" could not "be found/obtained for Smith." (Doc. 47.)

As Plaintiff was recently advised, it is *his obligation* to locate Defendant Smith so that service can be effected by the United States Marshals Service. (*See* Doc. 48 at 3-5.) *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Plaintiff will be afforded additional time within which to provide the Court with sufficient information to locate Defendant Smith so that the United States Marshal can attempt service of process of Smith. Plaintiff is cautioned that his failure to effectuate service of process of Defendant Smith or to provide the Court with sufficient information to locate Defendant Smith will result in Defendant Smith's dismissal, without prejudice, from this action. *See* Fed. R. Civ. P. 4(m).

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** that:

1. The order to show cause issued June 17, 2025 (Doc. 48) is **DISCHARGED**;
2. Plaintiff motion to appoint counsel (Doc. 49) is **DENIED**;
3. Plaintiff's motion or request to "deny" Defendants' answer (Doc. 49) is **DENIED**; and
4. Plaintiff's deadline to provide the Court with sufficient information to locate Defendant Smith is **EXTENDED** to <u>no later than August 18, 2025</u>.

IT IS SO ORDERED.

Dated: **June 23, 2025**

_____
UNITED STATES MAGISTRATE JUDGE