UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVON R. KIRKLAND,<br><br>             Plaintiff,<br><br>     v.<br><br>D. SMITH, et al.,<br><br>             Defendants. | Case No.: 1:23-cv-00602-JLT-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT D. SMITH WITHOUT PREJUDICE**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Trevon R. Kirkland is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

On April 28, 2025, the California Department of Corrections and Rehabilitation (CDCR) filed its amended notice of e-service waiver form. (Doc. 40) CDCR indicated that Defendant "Don E. Smith" is "[n]o longer employed by CDCR and cannot be located. Unable to accept service." (*Id*.)[1]

On June 13, 2025, the United States Marshal (USM) filed a USM-285 form indicating that service could not be effected on Defendant Smith, noting a forwarding address or contact number could not be found or obtained. (Doc. 47.)

---

[1] Plaintiff originally named Defendant "D. Smith" as a defendant in this action and plausibly alleged an Eighth Amendment excessive force claim against Smith. (*See* Doc. 17 at 3-4 [First Screening Order].)

1       Thereafter, on June 17, 2025, the Court issued its Order to Show Cause (OSC) Why Defendant D. Smith Should Not Be Dismissed from This Action for Plaintiff's Failure to Provide Sufficient Information to Effectuate Service. (Doc. 48.) Plaintiff was provided 30 days within which to respond. (*Id*.) The Court indicated Plaintiff could show cause "by providing additional information concerning Defendant Smith's location." (*Id*. at 5.)

      On June 20, 2025, Plaintiff filed a document titled "Plaintiff's Response [and] Motion for Appointment of Counsel." (Doc. 49.)

      On June 23, 2025, the undersigned issued orders discharging the OSC and denying Plaintiff's motion to appoint counsel and request regarding Defendants' answer. (Doc. 50.) Additionally, the undersigned extended the deadline concerning locating Defendant Smith to August 18, 2025. (*Id*. at 6-7.)

      On July 7, 2025, Plaintiff filed a document titled "Order Showing Cause Why Defendant D. E Smith Should Not Be Dismissed from Complaint by Plaintiff Pitchness Motion." (Doc. 51.)

## II.    DISCUSSION

### *Plaintiff's July 2, 2025, Filing*

      Briefly stated, Plaintiff contends he "has already shown good faith and has went beyond the scope" of CDCR policy by using first initials only when identifying defendants in this action "to maintain safety & security" of CDCR staff. (Doc. 51 at 1.) Plaintiff asserts "a discrepancy" by CDCR concerning Defendant Smith's employment "at the appropriate time-frame," contends he is unable to locate Smith because he "is currently housed in administrative segregation with lack of location resources," and maintains it is the responsibility of CDCR "to maintain a accurate location of his whereabouts." (*Id*. at 2.) Plaintiff alleges Smith's "fellow comrades are withholding investigative information," presumably concerning Smith's current location or whereabouts. (*Id*.) Next, Plaintiff argues defense counsel "offered [no] actual evidence why [Smith] should be exempt from legal case" and has "lied and utilized false information" in filings with the Court. (*Id*.) Further, Plaintiff alleges CDCR has "utilized individuals to interfere with the integrity" of this suit "by (audio & visual) observations of Plaintiff and installments of devices to allow (CDCR) to overhear all steps taken next making court proceedings crucial and needs to be

halted during investigation purposes." (*Id*. at 3.) Plaintiff states he "requested through the courts respectfully to have defendants present all past misconduct" records and that "[t]here seems to be a lack of information, therefore crucial evidence exposes misconduct as a form or fashion to locate appropriate defendant." (*Id*.) He contends CDCR "already substantiated Don E. Smith as a corrupted official with backgrounds for misconduct violations and was stipulated as still working when Plaintiff left" Kern Valley State Prison. (*Id*.) Plaintiff further asserts "Defendants need to articulate why (Don Smith) was questioned during investigative employee (RVR) supplemental [], multiple offenses were alleged and that leave the burden of truth that defendant was present and we need additional time to locate." (*Id*.) In support, Plaintiff has attached a copy of an "RVR Supplemental" dated March 3, 2023 (*id*. at 4-5) and a Memorandum dated February 14, 2022, titled "Notification of Exceptional Circumstances Relative to Rules Violation (RVR) Log # 000000007159084" (*id*. at 6).

### *Applicable Legal Standards*

The Federal Rules of Civil Procedure provide as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal or designated deputy, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' ... as long as he or she 'provide[s] the necessary information to help effectuate service.'" *Schrubb v. Lopez*, 617 Fed. Appx. 832, 832 (9th Cir. 2015) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995)). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)), overruled on other grounds by

3

*Sandin*, 515 U.S. at 483-84). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

### *Analysis*

First, there is no "discrepancy" concerning whether Defendant Smith was involved in the incident forming the basis of Plaintiff's claims here. Neither CDCR nor defense counsel has made such an assertion. As concerns Defendant Smith, only the issue of his location remains outstanding.

As Plaintiff has been repeatedly advised, the USM cannot serve Doe defendants, nor can it serve individuals who have not been adequately identified with enough information to locate that individual for service of process. (*See* Docs. 18, 48 & 50.) In its June 17, 2025, order, the Court stated: "To be clear, it is Plaintiff's obligation to provide the U.S. Marshal with accurate and sufficient information to effect service of process," and noted it is not the responsibility of CDCR, defense counsel, the USM, or the Court to provide that information. (*See* Doc. 48 at 4-5.)

On June 23, 2025, Plaintiff was reminded "*it is his obligation* to locate Defendant Smith so that service can be effected" by the USM. (Doc. 50 at 7, italics in original.) That same date, the Court extended Plaintiff's deadline to provide the required additional information to August 18, 2025. (*Id.*) However, instead of providing sufficient information to locate Defendant Smith, Plaintiff repeats his unfounded claims regarding the purported nefarious motives of CDCR and defense counsel and his argument that entities or individuals other than he should be tasked with the responsibility of locating Defendant Smith.

Plaintiff has not manifested any intention to comply with this Court's orders regarding service upon Defendant Smith. Plaintiff has had ample time within which to locate Defendant Smith yet has failed to do so. Nor does it appear that granting Plaintiff additional time within which to locate Defendant Smith would result in the submission of the requested information. Plaintiff has not requested additional time and as noted above, continues to argue it is not his responsibility to obtain and provide the requested information.

Because Plaintiff has been previously advised that his failure to provide the necessary information would result in a dismissal for his failure to serve process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (*see* Doc. 48 at 5 & Doc. 50 at 7), the undersigned will recommend Defendant Smith be dismissed from this action without prejudice.

### III.  CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons given above, the Court **RECOMMENDS** Defendant D. Smith be **DISMISSED** without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15- page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **September 3, 2025**                                    _____
                                                                                  UNITED STATES MAGISTRATE JUDGE