**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TREVON R. KIRKLAND,<br><br>        Plaintiff,<br><br>    v.<br><br>D. SMITH, et al.,<br><br>        Defendants. | Case No.: 1:23-cv-00602 JLT CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT D. SMITH WITHOUT PREJUDICE<br><br>(Doc. 52) |

Trevon R. Kirkland seeks to hold the defendants liable for violations of his Eighth and Fourteenth Amendment rights. (Doc. 1.) On April 28, 2025, the California Department of Corrections and Rehabilitation (CDCR) filed its amended notice of e-service waiver form. (Doc. 40.) CDCR indicated that Defendant "Don E. Smith" is "[n]o longer employed by CDCR and cannot be located. Unable to accept service." (*Id.*) On June 13, 2025, the United States Marshal (USM) filed a USM-285 form indicating that service could not be effected on Defendant Smith, noting a forwarding address or contact number could not be found or obtained. (Doc. 47.)

On June 17, 2025, the Court issued an Order to Show Cause why Smith should not be dismissed for Plaintiff's failure to provide sufficient information to effectuate service. (Doc. 48 (explaining with numerous citations that "it is Plaintiff's obligation to provide the U.S. Marshal with accurate and sufficient information to effect service of process").) Plaintiff was provided 30 days within which to respond. (*Id.*) The Court indicated Plaintiff could show cause "by providing

1   additional information concerning Defendant Smith's location." (*Id*. at 5.)

2       On June 20, 2025, Plaintiff filed a document titled "Plaintiff's Response [and] Motion for
3   Appointment of Counsel." (Doc. 49.) On June 23, 2025, the magistrate judge issued orders
4   discharging the OSC and denying Plaintiff's motion to appoint counsel and request regarding
5   Defendants' answer. (Doc. 50.) Additionally, the magistrate judge extended the deadline
6   concerning locating Defendant Smith to August 18, 2025. (*Id*. at 6-7.)

7       On July 2, 2025, Plaintiff filed a document titled "Order Showing Cause Why Defendant
8   D. E Smith Should Not Be Dismissed from Complaint by Plaintiff Pitch[]ess Motion." (Doc. 51.)
9   Therein he made various arguments, including suggesting, again, that it is CDCR's responsibility
10  to ascertain Defendant Smith's whereabouts. (*Id*. at 2.) Plaintiff also indicated that he is unable to
11  locate Smith because he is currently housed in administrative segregation. (*Id*.)

12      On September 4, 2025, the assigned magistrate judge issued Findings and
13  Recommendations to dismiss Defendant Smith without prejudice due to Plaintiff's failure to
14  effect service on Smith. (Doc. 52.) On September 15, 2025, Plaintiff filed objections to the
15  Findings and Recommendations. (Doc. 53.)

16      According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this
17  entire matter, including the objections. The magistrate judge correctly indicated in both the OSC
18  and the Findings and Recommendations that it is Plaintiff's, not CDCR's, responsibility to locate
19  Defendant Smith. Plaintiff indicates in his objections that he remains in administrative
20  segregation and that, as a result, his law library access, as well as access to other research
21  resources, has been restricted. (Doc. 53.) However, Plaintiff already has been afforded several
22  extensions of time to pursue information related to the present location of Smith. Instead of
23  explaining any steps he has taken to meet his obligation, he revisits his already-rejected proposal
24  that the Court should appoint him counsel. He also cites *Schrubb v. Lopez*, 617 F. App'x 832, 833
25  (9th Cir. 2015), in which the Ninth Circuit found that where a prisoner provides the necessary
26  information to effectuate service, he may rely on the U.S. Marshals Service to complete the task.
27  However, *Schrubb* did not address the situation presented here, where Plaintiff has not provided
28  information sufficient to permit the Marshals Service to locate Smith. Considering the entire

record, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 4, 2025 (Doc. 52) are **ADOPTED** in full.
2. Defendant D. Smith is **DISMISSED** without prejudice.
3. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **September 20, 2025**

UNITED STATES DISTRICT JUDGE

3