UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TREVON R. KIRKLAND,

             Plaintiff,

     v.

D. SMITH, et al.,

             Defendants.

Case No.: 1:23-cv-00602-JLT-CDB

**ORDER REGARDING PLAINTIFF'S FILING OF MARCH 25, 2026**

(Doc. 71)

Plaintiff Trevon R. Kirkland is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

### I.    BACKGROUND

On March 12, 2026, Magistrate Judge Stanley A. Boone conducted a settlement conference via video conference; the matter did not settle. (Doc. 68 [Minutes].)

Accordingly, on March 13, 2026, the Court lifted the previously imposed stay (Doc. 69) and issued a Discovery and Scheduling Order (Doc. 70).

On March 25, 2026, Plaintiff filed a document, docketed as a motion, titled "Order Requesting CDCR to Remove (Wires) Out of My Ears Before March 12th, Settlement." (Doc. 71.)

//

//

## II.    DISCUSSION

In his motion, Plaintiff states he "has provided the California Department of Corrections with substantial appeals addressing emergent concerns and adequate time constraints to remove wires & audio/video [surveillance]" from his body. (Doc. 71.) He states that equipment is present during "court appearances, rules violation hearings, assessments that include 'confidential' setting with mental health [representatives], and an *upcoming settlement conference* not in compliance due to the entire CDCR knowledge and refusal to articulate these concerns to Judge Stanley A. Boone." (*Id*. at 2, italics added.) Plaintiff maintains "there are additional challenges to the outcome of such practice and that jeopardizes courts safety & security protocols …." (*Id*.) He asserts that "CDCR possesses information that jeopardizes human safety & procedures of court elements if we proceed to move forward." (*Id*.) Plaintiff states "law enforcement wires" are "hooked up on certain areas including [his] brain to alter decision making and responses." (*Id*.) He contends the interests of justice warrant an order directing "CDCR to comply with terms of removal as shown at recent heart scan (ultra-sound)." (*Id*.)

Significantly, Plaintiff's filing, while signed, is not dated. Nor is it accompanied by a proof of service. Nevertheless, it is evidence Plaintiff drafted the document prior to the settlement conference held March 12, 2026. (Doc. 71 at 2 [referring to "an upcoming settlement conference"].) Thus, Plaintiff's motion or request is now moot[1] and will be denied as such.

This action now in the discovery phase. Plaintiff is encouraged to review the First Informational Order in Prisoner/Civil Detainee Case issued April 19, 2023 (*see* Doc. 4 at 4-5 [V. DISCOVERY]) and the scheduling order issued March 13, 2026 (*see* Doc. 71).

//

---

[1] Additionally, Plaintiff is reminded that this action proceeds against Defendants Bucato and Moore, correctional staff at Kern Valley State Prison. Thus, even if Plaintiff's motion or request was not moot, the Court does not have jurisdiction to issue an order directed to prison officials at the facility where Plaintiff is presently housed – California State Prison, Sacramento. *See Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties … it may not attempt to determine the rights of persons not before the court."). Nor is the subject of Plaintiff's motion or request related to his Eighth Amendment threat to safety claim or Fourteenth Amendment due process violation arising from events occurring in February and March of 2022. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr*., 810 F.3d 631, 635-36 (9th Cir. 2015) ("there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint").

### III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that Plaintiff's request or motion filed March 25, 2026 (Doc. 71) is **DENIED** as moot.

IT IS SO ORDERED.

Dated:   **March 26, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3