UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TREVON R. KIRKLAND,

               Plaintiff,

     v.

D. SMITH, et al.,

               Defendants.

Case No.: 1:23-cv-00602-JLT-CDB

**ORDER GRANTING DEFENDANTS' MOTION TO AMEND ANSWER**

(Doc. 67)

Plaintiff Trevon R. Kirkland is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.    INTRODUCTION

On May 22, 2025, Defendants Bucato and Moore filed an answer to the operative complaint. (Doc. 45.)

On March 12, 2026, Defendants filed a motion seeking leave to amend their answer. (Doc. 67.) Plaintiff did not file an opposition. *See* Local Rule 230(*l*).

## II.    DISCUSSION

Defendants seek leave to amend their answer to add an affirmative defense based on *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 67.) Defendants contend that in preparation for the recently conducted settlement conference, disciplinary records were reviewed, revealing

Plaintiff's claims were likely subject to a *Heck* bar defense. (*Id*. at 2.) They seek to "include a *Heck* defense on the grounds that the success of his current civil action would necessarily invalidate the RVR [Plaintiff] received," thus barring his claims. (*Id*. at 3.) Defendants note the Court has not yet issued a scheduling order in this action, thus discovery has not yet commenced and the case is in its early stages. (*Id*.) Defendants maintain their motion is made in good faith and will not cause undue delay or prejudice to Plaintiff. (*Id*.) Defendants' motion is supported by the Declaration of Nicholas P. Banegas and includes a proposed amended answer. (*Id*. at 6-11 & Doc. 67-1.)

### *Applicable Legal Standards*

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend a pleading is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id*.

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). Leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

When evaluating a motion to amend, the Court may consider (1) whether the party has previously amended the pleading, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

### *Analysis*

Here, Defendants have not previously amended their answer. Thus, the first *Foman* factor weighs in their favor.

Next, when evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see Eminence Capital*, 316 F.3d at 1052. Also, the Court should examine whether "permitting an amendment would...produce an undue delay in the litigation." *Jackson*, at 1387. Defendants' answer was filed about nine and one-half months prior to their motion. In certain circumstances such a delay might weigh in favor of denying the motion, but such circumstances are not present here. Shortly after Defendants' answer was filed, the issue of an appearance by previously named defendant Smith was before the Court, ultimately resulting in Smith's dismissal from the action. (*See* Docs. 47-54.) Thereafter, the case was referred to early ADR proceedings. (*See* Docs. 55, 62, 68.) Those proceedings were unsuccessful and Defendants thereafter promptly moved to amend their answer, explaining preparation for the settlement conference revealed a potential defense to Plaintiff's claims. And while a scheduling order had not yet issued when Defendants' filed their motion, the scheduling order issued the following day provides sufficient time to conduct discovery. (*See* Doc. 70.) In short, permitting Defendants Bucato and Moore to file an amended answer will not produce an undue delay in this litigation. *Jackson*, 902 F.2d at 1387; *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973) (by itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings). Thus, the second *Foman* factor weighs in favor of permitting amendment.

As concerns bad faith, the proposed *Heck* bar affirmative defense is not baseless. Under

*Heck*, a prisoner may not proceed on a claim for damages under section 1983 if a judgment favoring the prisoner "would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. In such a case, the prisoner plaintiff is foreclosed from proceeding absent proof that the conviction or sentence has been reversed, expunged or invalidated. *Id*. at 486-87. Therefore, the third *Foman* factor weighs in favor of granting Defendants leave to amend their answer because asserting the *Heck* bar affirmative defense is not baseless and thus does not amount to bad faith.

Next, for those same reasons, Defendants' proposed amendment is not futile. Therefore, the fourth *Foman* factor weighs in Defendants' favor.

Finally, the Court finds Plaintiff would not be prejudiced by the proposed amendment. Notably, prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The addition of one affirmative defense, where Plaintiff has not opposed Defendants' motion and the case is in the early stages of litigation, reveals any prejudice to Plaintiff would not be substantial. Therefore, the most critical fifth factor in this Court's determination also weighs in Defendants' favor. *Eminence Capital*, 316 F.3d at 1052.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1.   Defendants' motion for leave to file an amended answer (Doc. 67) is **GRANTED**;

2.   Defendants **SHALL** file any amended answer **no later than 14 days** from the date of this order.

IT IS SO ORDERED.

Dated:    **April 10, 2026**    _____

UNITED STATES MAGISTRATE JUDGE

4